UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

---

 DARYL PIERCE,                            1:16-cv-5107-NLH

               Petitioner,                **OPINION**

        v.

 UNITED STATES OF AMERICA,

               Respondent.

---

**APPEARANCES**:

Daryl Pierce, 05620-067
FCI Cumberland
PO Box 1000
Cumberland, MD 21501

    *Petitioner pro se*

Diana V. Carrig, Assistant United States Attorney
Office of the US Attorney
US Post Office Building
401 Market Street, 4th Floor
Camden, NJ 08101

    *On behalf of Respondent*

**HILLMAN**, District Judge

    This matter comes before the Court on Petitioner Daryl Pierce's motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255.[1] On April 25, 2007,

---

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a defendant in federal custody may file a motion collaterally attacking his sentence based on certain specifically listed grounds, namely that the sentence was imposed in violation of

Petitioner pleaded guilty to Count 3 of a three-count indictment, which charged Petitioner with knowingly possessing a firearm after having been convicted of three crimes in courts in the Commonwealth of Pennsylvania, each punishable by imprisonment for a term exceeding one year and each constituting a violent felony or a serious drug offense, or both, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), (2). (See 06-cr-916.)

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), requires the imposition of a minimum 15-year term of imprisonment for recidivists convicted of unlawful possession of

---

the Constitution or federal law, that the court was without jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence "is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a). A defendant is allowed only one such motion as of right. Id. § 2255(b),(h).  A second or successive motion must be certified by a court of appeals to rely upon either "newly discovered evidence" showing innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. § 2255(h). This is Petitioner's third motion under § 2255, see Civil Action Numbers 1:10-cv-05387-NLH and 1:14-cv-00758-NLH, but it is properly brought before this Court after the Third Circuit Court of Appeals permitted Petitioner's successive motion so that this Court could address substantively Petitioner's arguments under Johnson v. United States, 135 S. Ct. 2551 (U.S. 2015) and Mathis v. United States, 136 S. Ct. 2243 (U.S. 2016), see C.A. No. 16-2973 (3d Cir. Aug. 4, 2016) ("Because it appears from the limited record before us that Petitioner's ACCA-enhanced sentence may have been based, in part, on an application of ACCA's residual clause, we conclude that Petitioner has made the prima facie showing needed to proceed with his proposed § 2255 motion.").

a firearm under 18 U.S.C. 922(g), who have three prior state or federal convictions of a "violent felony" or "serious drug offense."  Section 924(e) defines a serious drug offense as one punishable by imprisonment for 10 years or more.  Section 924(e) defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that— (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).

In Johnson v. United States, 135 S. Ct. 2551 (U.S. 2015), the Supreme Court declared a portion of § 924(e)(2)(B) - "or otherwise involves conduct that presents a serious potential risk of physical injury to another," referred to as "the residual clause" - unconstitutionally vague and effectively void.  In Welch v. United States, 136 S. Ct. 1257 (U.S. 2016), the Supreme Court found that Johnson announced a substantive rule that applied retroactively on collateral review.

In Mathis v. United States, 136 S. Ct. 2243 (U.S. 2016), the Supreme Court explained that in order to determine whether a past conviction is a "violent felony," including "burglary, arson, or extortion," under § 924(e)(2)(B), courts should compare the elements of the crime of conviction with the

elements of the "generic" version of the listed offense - that is, how the offense is commonly understood. The Supreme Court further explained that "[f]or more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense." Mathis, 136 S. Ct. at 2247. The question in the case before the Supreme Court was "whether ACCA makes an exception to that rule when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements." Id. at 2248. The Supreme Court "decline[d] to find such an exception." Id.

Here, Petitioner asserts that the offenses used to enhance his sentence under ACCA no longer qualify as predicate offenses in light of the Supreme Court decisions in Johnson and Mathis. The presentence report revealed in Petitioner's criminal case, 06-cr-916 (D.N.J.), that he had five prior drug convictions in Pennsylvania that qualified as "serious drug offenses" under the ACCA. Petitioner also had a burglary conviction in Pennsylvania.

In his guilty plea, Petitioner acknowledged that his prior convictions met the elements to receive a minimum 15-year term of imprisonment under ACCA. Petitioner now argues, however, that his burglary conviction cannot be considered a "violent felony" under ACCA as a result of Johnson. Petitioner further

argues that his burglary conviction and his drug convictions were not considered on their elements as directed by Mathis.

Both of Petitioner's arguments are without merit. To receive an enhanced sentence under ACCA, a criminal defendant must have three prior state or federal convictions of a "violent felony" or "serious drug offense." At the plea hearing, the Government made an inquiry of Petitioner to support a factual basis for Count 3 of the indictment and the three prior convictions under ACCA § 924(e). The Government recited the burglary conviction and two drug convictions. Petitioner agreed that he committed those crimes, and the Court accepted Petitioner's plea of guilty to Count 3. The Court emphasized, however, that even though the plea agreement provided a term of imprisonment for 15 years, the Court at sentencing was not bound by that agreement, and Petitioner could not withdraw his plea if the Court imposed a sentence other than 15 years.

Petitioner's presentence report ("PSR") lists Petitioner's five prior drug offenses to support a sentencing enhancement under ACCA § 924(e). (PSR at 7.) Petitioner's burglary conviction is not listed relative to the ACCA enhancement. The PSR was prepared after Petitioner entered his guilty plea and provided to the Court in consideration of imposing Petitioner's sentence. Counsel for Petitioner acknowledged that Petitioner's prior convictions, without specifying which ones, qualified

Petitioner as an armed career criminal under § 924(e) with a 15-year prison term being the floor. Petitioner did not object to the contents of the PSR and the Court adopted it for purposes of sentencing. See Statement of Reasons ("The Court adopts the presentence investigation report without change.").

"To prove a Johnson claim, [it is] incumbent on a § 2255 movant to demonstrate that his sentence necessarily implicates the residual clause, which may be shown either by evidence that the district court in fact sentenced him under the residual clause or proof that he could not have been sentenced under the elements or enumerated offenses clauses based on current case law, and that that made a difference in his sentence." United States v. Peppers, 899 F.3d 211, 236 n.21 (3d Cir. 2018) (further explaining that "it is appropriate to require the movant to prove by a preponderance of the evidence that his sentence depends on the ACCA's residual clause").

Thus, in order for Petitioner's guilty plea to be invalided under Johnson or Mathis, Petitioner must show that the sentencing court: (1) based the ACCA sentence on Petitioner's burglary conviction or drug convictions, and either (a) that the burglary conviction or the drug convictions were classified as ACCA predicates under the residual clause (Johnson challenge), or (b) the burglary conviction or the drug convictions had elements broader than those of the generic offenses (Mathis

6

challenge).[2]

Petitioner, who has the burden to demonstrate these requirements, has failed to do so.  With respect to Petitioner's burglary conviction, even though Petitioner acknowledged his burglary conviction at the plea hearing, Petitioner points to no record evidence that the Court considered his burglary conviction to serve as one of the three predicates for an ACCA enhancement at sentencing.  Because burglary is an enumerated offense, and not part of the residual clause, if the Court based the ACCA enhancement on Petitioner's burglary conviction, the Court would have had to determine whether the elements of that crime in Pennsylvania were "the same as, or narrower than, those

---

[2] Because this is Petitioner's successive § 2255 petition, Petitioner's challenge under Mathis, standing alone, does not qualify for relief under § 2255(h).  See United States v. Peppers, 899 F.3d 211, 229 (3d Cir. 2018) ("Because only the Supreme Court can declare which new rules of constitutional law are retroactively applicable to cases on collateral review in the second or successive habeas motion context, Mathis, Descamps, and Johnson 2010 cannot provide the foundation that satisfies the gatekeeping requirements for a § 2255(h)(2) motion" because the Supreme Court "has never held that Mathis, Descamps, or Johnson 2010 apply retroactively to cases on collateral review, nor do any combination of Supreme Court precedents dictate the retroactivity of those cases.").  A court may consider a petitioner's argument under Mathis, however, if that petitioner first presents a viable Johnson challenge.  Id. at 230 ("We thus hold that, once a defendant has satisfied § 2255(h)'s gatekeeping requirements by relying on Johnson, he may use post-sentencing cases such as Mathis, Descamps, and Johnson 2010 to support his Johnson claim because they are Supreme Court cases that ensure we correctly apply the ACCA's provisions.").

of the generic offense." Mathis, 136 S. Ct. at 2247. Neither the Court nor the parties discussed the burglary conviction at all.[3]

---

[3] Thus, it is clear that Petitioner's burglary conviction, even if it were found to no longer qualify as a predicate offense under § 924(e) under Johnson or Mathis, did not "ma[k]e a difference in his sentence." Peppers, 899 F.3d at 236 n.21. Moreover, courts have determined that even where a predicate offense is found to no longer be valid, that offense may be substituted with a valid predicate offense that is contained in a PSR and not challenged by the defendant. See Dotson v. United States, No. 18-1701 (7th Cir. Feb. 3, 2020) (when considering a § 2255 motion, finding that the government can save an enhanced sentence under ACCA by substituting another of the petitioner's convictions - one listed in the PSR as part of the petitioner's criminal history but not designated as or found by the district court to be an ACCA predicate at sentencing) (discussing Tribue v. United States, 929 F.3d 1326 (11th Cir. 2019) (in a § 2255 motion, finding that the government may rely on a conviction to serve as an ACCA predicate even if the conviction was not among those listed in the PSR as, or determined at sentencing to be, a predicate, where the defendant "raised no objection to his ACCA enhancement" and "the government did not waive reliance on other convictions in the [PSR] as ACCA predicates simply by not objecting to the [PSR] on the grounds that Tribue had more qualifying convictions than the three that the probation officer had identified as supporting the ACCA enhancement"); United States v. Garcia, 877 F.3d 944, 956 (10th Cir. 2017) (allowing, without express consideration of the issue, the post-sentencing substitution of a prior conviction not designated in the PSR as a violent felony predicate to save an ACCA sentence), abrog'd on other grounds by United States v. Ash, 917 F.3d 1238 (10th Cir. 2019)); cf. United States v. Hodge, 902 F.3d 420, 427 (4th Cir. 2018) (finding that the government could not support an ACCA enhancement with a conviction listed in the PSR but not previously designated at sentencing as a predicate because it was unfair to the defendant, who had no notice - no reason at sentencing - to believe the court or government may react to a change in the law favorable to the defendant by relying on another of his prior convictions to preserve the ACCA sentence)). In this case, no substitution of convictions is necessary because (1) the PSR specifically listed the five drug convictions as the basis for sentencing under ACCA, of which

As for Petitioner's drug convictions, Petitioner's criminal history contains five "serious drug offenses" that satisfy § 924(e), with only three being necessary, and these "serious drug offenses" have not been subject to a new rule of constitutional law. Petitioner did not challenge the PSR that classified those Pennsylvania drug convictions as ACCA predicates, and this Court was permitted to rely on those convictions as set forth in the PSR.[4] Indeed, the Court expressly adopted the PSR without

---

Petitioner was aware prior to sentencing and about which Petitioner did not challenge before or at sentencing, and (2) as discussed above, those drug convictions are valid predicate offenses under ACCA.

[4] See United States v. Spencer, 2020 WL 261227, at *2 (3d Cir. Jan. 17, 2020) (quoting U.S. v. Watkins, 54 F.3d 163, 166–67 (3d Cir. 1995) (citing Fed. R. Crim. Proc. 32(b)(6)(D))) ("It is well established in this circuit, and all others, that a sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant."); United States v. Volek, 2019 WL 6522886, at *2 (3d Cir. Dec. 19, 2019) ("We have previously held that a court can look to a presentence report if the defendant did not challenge the descriptions of the factual accounts within it.") (citing United States v. Siegel, 477 F.3d 87, 93 (3d Cir. 2007) (citing United States v. Cullen, 432 F.3d 903, 905 (8th Cir. 2006) (citation omitted) (agreeing with the Eighth Circuit, which held that "[b]y not objecting to the PSR's factual allegations, [the defendant] has admitted them"); United States v. Hodge, 902 F.3d 420, 428-29 (4th Cir. 2018) ("Defendants have a right to adequate notice of the government's plan to seek [an ACCA] enhancement and of the convictions that may support that enhancement. Where the PSR specifically designates certain convictions as ACCA predicates and declines to designate others, it notifies the defendant that only the designated predicates will be used to support the ACCA enhancement. Indeed, this express identification of some convictions as ACCA predicates implies an intentional exclusion of the others.") (citing Fed. R. Crim. P. 32(f); U.S.S.G. § 6A1.2(b) (providing that both the

9

change.  See 18 U.S.C. § 3553(c) ("Statement of Reasons for Imposing a Sentence.  The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."); AO 245, Statement of Reasons Form (providing a court with the selection, "The court adopts the presentence investigation report without change," or "The court adopts the presentence investigation report with the following changes . . . .").[5]

Petitioner argues here, however, that the Pennsylvania drug statute he was convicted under, 35 Pa. Stat. Ann. § 780-113(a)(30), is overbroad and therefore invalid under Mathis. The Third Circuit has squarely rejected the same argument.  In United States v. Daniels, 915 F.3d 148, 155 (3d Cir. 2019), the Third Circuit found that 35 Pa. Stat. Ann. § 780-113(a)(30) constitutes a "serious drug offense" under ACCA § 924(e)(2)(A)(ii).  The Third Circuit recently reaffirmed that conclusion.  See United States v. Wilson, 2020 WL 525706, at *3 (3d Cir. Feb. 3, 2020) (rejecting the petitioners argument that his Pennsylvania state court convictions do not qualify as career-offender predicates because a violation of § 780-

---

defendant and the Government are required to make any objections they may have to the information in the PSR at or before sentencing).

[5] AO 245 is available at https://www.uscourts.gov/sites/default/files/ao245sor.pdf.

113(a)(30) is broader than the generic definition of "controlled substance offense" under the Guidelines).

Consequently, Petitioner has not met his burden to show that his sentencing as an armed career criminal was based on convictions which are invalid under <u>Johnson</u> and <u>Mathis</u>.[6] Thus, the Court's sentencing of Petitioner as an armed career criminal was not "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

---

[6] It is relevant to note that on February 9, 1990 in the Middle District of Pennsylvania, Petitioner was convicted on a federal charge - possession of a firearm by a convicted felon -  and sentenced to 15 years under ACCA.  Petitioner's guilty plea in his criminal matter before this Court arose from a warrant issued for his violation of supervised release on May 24, 2006. The five drug offenses referenced in Petitioner's PSR in the criminal matter before this Court occurred prior to Petitioner's 1990 conviction.  The record does not reveal whether those same offenses served as the basis for Petitioner's 15-year term of imprisonment in 1990 under ACCA, but logic would suggest that they did.  As this Court noted at sentencing, it would have been incongruous to not deem Petitioner an armed career criminal on a guilty plea that arose from a violation of supervised release on a term of imprisonment imposed on Petitioner as an armed career criminal.  In other words, Petitioner's unchallenged status as an armed career criminal in 1990 could not have been erased by this Court at sentencing in 2006.  This Court sentenced Petitioner to a 16-year term of incarceration, explaining that imposing the same 15-year sentence as his previous conviction as an armed career criminal would not promote deterrence or respect for the law, the Court opting instead to impose some measure of incremental punishment for Petitioner's second violation of the ACCA.

Because the Court will deny Petitioner's § 2255 motion, the Court must determine whether to issue a certificate of appealability ("COA"). A COA is a "jurisdictional prerequisite" to an appeal on the merits, and "the COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal." U.S. v. Doe, 810 F.3d 132, 143 (3d Cir. 2015) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). Section 2253(c)(2) provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Banks v. Dretke, 540 U.S. 668, 705 (2004) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)).

Here, jurists of reason could not disagree with the Court's resolution of Petitioner's claims. The Court will deny a certificate of appealability.

An appropriate Order will be entered.


Date: March 17, 2020           s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.